# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SCOTT S. SEGAL,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-350**          (Cir. Ct. Kanawha Cnty. Case No. CC-20-2024-C-1088)

**CAREY DOUGLAS KESSLER &**
**RUBY, PLLC, and STEVEN R. RUBY,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Scott S. Segal appeals the Circuit Court of Kanawha County's August 21, 2025, order denying his motion to alter or amend the judgment filed pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure and the circuit court's July 28, 2025, order granting a motion to dismiss filed pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure by Respondents Carey Douglas Kessler & Ruby, PLLC ("CDKR") and Steven R. Ruby. Respondents filed a response.[1] Mr. Segal did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the circuit court's orders are reversed, and the matter is remanded to the circuit court for further proceedings consistent with this decision.

In 2009, Protea Biosciences, Inc. ("Protea") obtained a $3 million working capital line from Centra Bank, now United Bank ("United"). Mr. Segal signed a guaranty of that loan in the principal amount of $1 million plus related interest, costs, expenses, and attorney fees. In 2017, he signed a change in terms agreement with United and reaffirmed his guaranty. On November 21, 2017, PITA, LLC ("PITA") purchased the Protea note from United and then on December 1, 2017, Protea filed for bankruptcy. On December 8, 2017, PITA informed Mr. Segal that Protea was in default and that it expected him to honor his guaranty. He refused to do so.

---

[1] Mr. Segal is represented by Avrum Levicoff, Esq. Respondents are represented by Respondent Steven R. Ruby, Esq.

1

In early 2018, Mr. Segal executed a conflict waiver to allow the law firm of Dinsmore and Shohl, LLP ("Dinsmore"), which had a legal relationship with Mr. Segal, to represent PITA in a lawsuit against him to enforce his guaranty. On September 4, 2018, Dinsmore filed that suit on behalf of PITA. The circuit court eventually determined that Mr. Segal was liable under his guaranty and entered judgment against him in the amount of $1,291,518.83. Mr. Segal appealed to this Court, which largely affirmed the circuit court's ruling. *See PITA, LLC v. Segal*, 249 W. Va. 26, 894 S.E.2d 379 (Ct. App. 2023).[2] Respondents represented Mr. Segal in the latter stages of the circuit court proceeding and in his appeal before this Court.

On December 7, 2020, Mr. Segal sued Dinsmore and several attorneys in the United States District Court for the Northern District of West Virginia (the "Dinsmore Action"). Respondents represented Mr. Segal in that case. In the Dinsmore Action, the defendants filed requests for admissions seeking, among other things, admissions demonstrating that Mr. Segal was aware of the factual basis for the lawsuit more than two years before he filed it. Respondents did not respond to those requests for admission on Mr. Segal's behalf, resulting in the matters that were the subject of those requests being deemed admitted. On March 31, 2023, the federal court granted summary judgment to Dinsmore, determining that the two-year statute of limitations on Mr. Segal's claim began to run no later than September 4, 2018, when Dinsmore filed the PITA lawsuit and that, therefore, his claims were time-barred. *See Segal v. Dinsmore & Shohl, LLP*, No. 1:20-CV-267, 2023 WL 2752853, at *6-10 (N.D. W. Va. Mar. 31, 2023). The federal court further determined Mr. Segal failed to demonstrate that the statute of limitations accrued in September 2020, the date on which he claims he first discovered Dinsmore's alleged fraud, concealment, and nondisclosures. *Id.*

On September 26, 2024, Mr. Segal filed the instant case against respondents for legal malpractice, alleging that respondents neglected their duties to Mr. Segal by failing to respond to requests for admission, failing to propound discovery on behalf of Mr. Segal, and failing to substantively respond to a motion for summary judgment in the federal case. On December 6, 2024, respondents moved to dismiss this action pursuant to Rule 12(b)(6). On July 28, 2025, after briefing and a hearing, the circuit court granted respondents' motion to dismiss and concluded:

> While the Court appreciates Plaintiff's contention that Defendants' professional conduct in the Underlying Action resulted in the failure to timely answer the Requests for Admissions, it is inescapable that this alleged conduct, even if true, exists independently of additional dispositive factual findings and legal conclusions based on the allegations contained in Plaintiff's Complaint and the District Court's taking of judicial notice of

---

[2] Mr. Segal filed a notice of appeal of that decision with the Supreme Court of Appeals of West Virginia, but shortly thereafter stipulated to dismissal of the appeal.

documents filed in other courts. There can be no doubt that these findings and conclusions of the District Court would have served to render summary judgment against the Plaintiff in the Underlying Action even if Defendants had timely responded to and denied the Requests for Admissions at issue. Therefore, it cannot be legally concluded in the case sub judice that Defendant's alleged professional negligence caused the Plaintiff's damages, nor really contributed to them, but could only buttress a legal conclusion that was already true. The Underlying Action was indeed, "doomed from the start," pursuant to its own allegations independent of the Defendants' professional conduct. Thus, Plaintiff fails to state a claim upon which relief can be granted.

Mr. Segal then filed a motion to alter or amend the circuit court's judgment, which the circuit court denied in its August 21, 2025, order. The circuit court reiterated its view that the underlying Dinsmore Action was time-barred as a matter of law. This appeal of the July 28, 2025, order and the August 21, 2025, order followed.

"The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). In this case, the underlying judgment is the order granting a motion to dismiss and it is well-established that "[a]ppellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). With these standards in mind, we address the parties' arguments.

On appeal, Mr. Segal asserts that the circuit court erred in dismissing his legal malpractice complaint under Rule 12(b)(6), and further erred in denying his Rule 59(e) motion, which sought, at minimum, leave to amend the complaint. He argues that the circuit court's dismissal rested on an incorrect conclusion that the underlying Dinsmore Action was unavoidably time-barred, even though respondents had provided virtually no substantive advocacy on his behalf, had conducted no discovery, and failed to respond to discovery, including requests for admission, in that litigation. According to Mr. Segal, respondents' lack of action left the federal record incomplete and deprived him of the opportunity to offer facts supporting a discovery rule or fraudulent concealment argument in the statute of limitations analysis. Mr. Segal further argues that judicial estoppel prevents respondents from arguing that the Dinsmore Action was untimely because it was their negligence that resulted in the federal court dismissing that action on statute of limitations grounds.

Conversely, respondents argue that dismissal under Rule 12(b)(6) was proper because the federal court's summary judgment order established that the statute of

limitations on Mr. Segal's claims against Dinsmore expired no later than September 4, 2020—well before any alleged wrongful act by respondents. Respondents further assert that the circuit court acted within its discretion in denying petitioner's Rule 59(e) motion, which was, in substance, a request to amend the complaint. Finally, respondents assert that Mr. Segal's estoppel claim is legally unsound and based on a misrepresentation of their prior positions because their advocacy in the Dinsmore Action does not conflict with invoking a statute of limitations determination that was made independent of their alleged failures.

We conclude that the dispositive issue on appeal is the circuit court's decision to grant the Rule 12(b)(6) motion before Mr. Segal had an opportunity to develop his tolling argument regarding the statute of limitations accrual date.

This Court has emphasized that "[a] court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Gordon v. Jefferson Cnty. Comm'n*, 252 W. Va. 237, ___, 921 S.E.2d 692, 699 (Ct. App. 2025) (quoting *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020)). Dismissal is proper only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Syl. Pt. 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).

Generally, in a legal malpractice action, a plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his or her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff. *See* Syl. Pt. 1, *Calvert v. Scharf*, 217 W. Va. 684, 619 S.E.2d 197 (2005). The third element is at issue in this case. A legal malpractice plaintiff must prove a "case within a case," meaning they must prove that they would have won their underlying court case but for the defendant's alleged malpractice. *See Burnworth v. George*, 231 W. Va. 711, 717, 749 S.E.2d 604, 610 (2013); *Rubin Resources, Inc. v. Morris*, 237 W. Va. 370, 375, 787 S.E.2d 641, 646 (2016) (referencing "case within a case" aspect of legal malpractice litigation). Success in the underlying Dinsmore Action required Mr. Segal to demonstrate that the statute of limitations accrued less than two years before he filed his complaint. He specifically argued that it accrued in September 2020, the date on which he claims he first discovered Dinsmore's alleged fraud, concealment, and nondisclosure. That showing is likewise necessary in the present malpractice action.

To determine whether an action is untimely, the Supreme Court of Appeals of West Virginia has established the following five-step analytical framework:

A five-step analysis should be applied to determine whether a cause of action is time-barred. First, the court should identify the applicable statute of

4

limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.,* 199 W. Va. 706, 487 S.E.2d 901 (1997). Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

Syl Pt. 5, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009).

The fourth step of the *Dunn* analysis, which concerns tolling of the statute of limitations due to a defendant's fraudulent concealment, is implicated in this case. After reviewing Mr. Segal's complaint and the exhibits attached to it, including the pleadings from the Dinsmore Action and the federal court's summary judgment order, we conclude that dismissal at the Rule 12(b)(6) stage was improper. The circuit court granted respondents' motion to dismiss because it interpreted the Northern District's summary judgment order to conclude that Mr. Segal's claims against Dinsmore would have been time-barred even in the absence of the facts Mr. Segal was deemed to have admitted through respondents' failure to respond to Dinsmore's requests for admissions. However, the complaint below alleges that Dinsmore concealed its misconduct from Mr. Segal, and the Dinsmore Action complaint alleges that Mr. Segal did not discover Dinsmore's concealed conduct until September 2020, when he obtained information through discovery in the PITA Action.

In rejecting Mr. Segal's argument that Dinsmore's fraudulent concealment tolled the statute of limitations until September 2020, the Northern District specifically relied on Mr. Segal's failure to argue the issue in his response to Dinsmore's summary judgment motion, the lack of evidence of concealment, and on the facts deemed admitted through respondents' failure to respond to Dinsmore's requests for admissions. *See Segal*, No. 1:20-CV-267, 2023 WL 2752853, at *9. Accepting the allegations in Mr. Segal's complaint below as true, the reasons the Northern District provided for rejecting Mr. Segal's fraudulent concealment tolling argument were directly attributable to respondents' alleged negligence. Accordingly, if developed through appropriate factual inquiry, these

5

allegations could support a finding that the Dinsmore Action would not have been time-barred in the absence of respondents' negligence. Because respondents' conduct prevented Mr. Segal from developing these facts in the federal litigation, he must be given the opportunity to do so in this case. As a result, we conclude that the circuit court erred in granting respondents' Rule 12(b)(6) motion to dismiss.

For the foregoing reasons, we reverse the August 21, 2025, and July 28, 2025, orders and remand the case to the circuit court for further proceedings consistent with this decision.[3]

Reversed and Remanded.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[3] As we are reversing the July 28, 2025, order, Mr. Segal's arguments concerning judicial estoppel and amendment of the complaint are moot.

6